IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO PENOLOSA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 5:17-cv-8004-LSC |
| | ) | (5:09-cr-00399-LSC-HGD) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OF OPINION**

## I.  Introduction

The Court has before it Petitioner Antonio Penolosa's ("Ponolosa's") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (doc. 1) and his more-recently-filed "Application for a Certificate of Appealability" (doc. 4.) For the reasons stated below, both motions are due to be denied.

## II.  Discussion

Penolosa previously filed a § 2255 motion that this Court denied as barred by the one-year statute of limitations applicable to § 2255 motions. *See* Case No. 2:12-cv-08052-LSC-HGD. Penolosa appealed this Court's decision, which was denied

by the Eleventh Circuit. In filing the instant motion, Penolosa did not obtain the required certification from the Eleventh Circuit Court of Appeals. "The Antiterrorism and Effective Death Penalty Act of 1996 . . . requires that before a second or successive motion or petition is filed, the petitioner first must obtain an order from the court of appeals authorizing the district court to consider it." *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (per curiam) (citing 28 U.S.C. § 2244(b)(3)(A) and § 2255(h) (cross-referencing § 2244)). Indeed, without the necessary authorization, this Court "lacks jurisdiction to consider a second or successive petition." *Id.* (citing *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam)).

This Court's dismissal of Penolosa's previously-filed § 2255 motion on statute of limitations grounds was with prejudice, meaning that the instant petition is indeed successive. *See Carter v. United States*, 405 F. App'x 409, 410 (11th Cir. 2010) ("The district court dismissed Carter's first motion to vacate as untimely, that dismissal constituted a dismissal with prejudice, and Carter has not sought permission from this Court to file a successive motion.") (citing 28 U.S.C. §§ 2244(b)(3)(A), 2255(h)) (other citation omitted); *see also Candelario v. Warden*, 592 F. App'x 784, 785 n.1 (11th Cir. 2014) (rejecting argument that a petition is not successive when the "initial § 2255 motion was denied as untimely rather than on

the merits" because "a second petition is successive if the first was denied or dismissed with prejudice.") (citations omitted); *Villanueva v. United States*, 346 F.3d 55, 61 (2nd Cir. 2003) ("[W]e hold that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes.").

Accordingly, because Penolosa did not seek authorization from the Eleventh Circuit Court of Appeals before filing the instant § 2255 motion—a jurisdictional prerequisite to the filing of a successive § 2255 motion—his current § 2255 motion is due to be dismissed without prejudice for lack of jurisdiction.

Penolosa's "Application for a Certificate of Appealability" (doc. 4) is also due to be denied. At the time Penolosa filed that document, this Court had not yet entered an order of dismissal as to Penolosa's § 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B) (authorizing an appeal to the court of appeals from a "final order in a proceeding under section 2255"). In said application, Penolosa argues that he is entitled to relief from his conviction and sentence pursuant to the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), which he asserts sets out a new rule of constitutional law that has been made retroactive to petitioners on collateral review. While Pensolosa is correct that one method of seeking authorization to file a successive § 2255 petition is to show that the successive

petition is based upon a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," *see* § 2255(h)(2), Penolosa is making this argument to the wrong court. He must request authorization to file this successive petition *from the Eleventh Circuit Court of Appeals*, not from this Court. *See id.* Accordingly, his application for a certificate of appealability is due to be denied.

### III. Conclusion

For the foregoing reasons, Penolosa's application for a certificate of appealability (doc. 4) is hereby **DENIED**. His motion to vacate is due to be denied for lack of jurisdiction and this action dismissed without prejudice. A separate closing order will be entered.

**DONE** AND **ORDERED** ON MARCH 15, 2017.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704